U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR -- 2 2022

TONY R. MOORE, CLERK
BY: _____
    DEPUTY

Form to be used by a prisoner filing a civil rights complaint under
**THE CIVIL RIGHTS ACT, 42 U.S.C. & 1983**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

MATTHEW CALEB SAWYER # 728558
Full name of Plaintiff, Prisoner Number

Civil Action No. 3:22-cv-0602

WARDEN CHRIS STINSON,

MAJOR TOMMY FARMERS,

MEDICAL DIRECTOR, AND
Full Name of Defendant(s)

Lt. FLETCHER

*✱ WOULD LIKE THE COURT TO EXERCISE SUPPLEMENTAL JURISDICTION FOR STATE CLAIMS (TORT) AGAINST ALL DEFENDANTS, ALONG WITH THE FEDERAL CLAIMS. ✱*

**COMPLAINT**

1. Previous Lawsuits

   A. Have you begun other lawsuits while incarcerated or detained in any facility?
      Yes ✓   No ____

   B. If your answer to the proceedings question is yes, provide the following information

      1. State the court(s) where each lawsuit was filed (in federal, identify the District; if the state court, identify the Court, identify the county or parish.

         1) U.S. DISTRICT COURT EASTERN DISTRICT OF LA
         2) 19th JUDICIAL DISTRICT COURT PARISH OF EAST BATON ROUGE

      2. Name the parties to the previous lawsuit(s)

         Plaintiffs: MATTHEW CALEB SAWYER
         Defendants: EASTERN - KECIA CHARLES, DR. KHAN, JESSICA TROXCLAIR, ALVIN ROBINSON, DR. DURANTE and DR. WOOD, 19th - DEPARTMENT OF CORRECTIONS

      3. Docket number(s): EASTERN - 2:21-cv-00482-JCZ-MBN, 19th - C-715344 26

      4. Date(s) on which each lawsuit was filed: EASTERN - 03/08/2021, 19th - 01/26/2022

      5. Disposition and date thereof For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending? BOTH CASES PENDING

C. Have you filed any lawsuit of appeal in any federal district court of appeals which has been dismisses?

Yes _____    No _✓_____

If your answer to the proceeding question is yes, state the court(s) which the case
The Civil action number(s) and the reason for dismissal (e.g. frivolity, malice, failure to
Sate a claim, defendants immune from relief sought, etc.)

_____

_____

II. A. **Name of institution and address of the current place of confinement:**

MADISON PARISH CORRECTIONAL CENTER 158 TREATMENT PLANT ROAD TALLULAH, LA 71282

B. Is there a prison grievance procedure in this institution?
Yes _✓_ No _____

1. Did you file an administrative grievance based upon same facts which form the
basis of this lawsuit?
Yes _✓_    No _____

2. If Yes, What is the an Administrative grievance explain why you have not done so.

Never received any response to request forms or grievances to satisfy requirements set forth under the PLRA.

3. If you filed an Administrative grievance, answer the following question.
What specific steps of the prison procedure did you take and what was the result? (For
Example, for state prisoners in the custody of the Department of Public Safety and
Corrections did you appeal any adverse decision through to Step 3 of the
Department of Public Safety and Corrections? For Federal prisoners; did you appeal
Any adverse decision from the Warden to the Regional Director for the Federal Bureau
Of Prison, or did you make a claim under the Federal Tort Claims Act?)

The plaintiff wrote request asking for an inmate handbook and never received one which would explain how the grievance procedure is conducted. He wrote the Warden and the Major and never received a response for anything.

Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III.    **Parties to Current Lawsuit:**

A. Name of Plaintiff MATTHEW CALEB SAWYER

Address 158 TREATMENT PLANT ROAD TALLULAH, LA 71282

B. Defendant CHRIS STINSON (WARDEN) INDIVIDUAL CAPACITY, is employed as

WARDEN at MADISON PARISH CORRECTIONAL CENTER

Defendant TOMMY FARMERS INDIVIDUAL CAPACITY, is employed as

MAJOR at MADISON PARISH CORRECTIONAL CENTER

Defendant JANE DOE (NAME UNKNOWN), is employed as

MEDICAL DIRECTOR at MADISON PARISH CORRECTIONAL CENTER

Additional defendants Lt. FLETCHER INDIVIDUAL CAPACITY, is employed as

Officer at MADISON PARISH CORRECTIONAL CENTER

IV.   Statement of Claim

State the Facts of your case. Specifically describe the involvement and actions of each named Defendant. Include the names of all persons involved in the incident(s) or condition(s) giving Rise to this lawsuit, and the dates upon which and the places where the incident(s) and/or Condition(s) occurred. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL Allegations. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.**

A, I. DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL CONCERNS RESULTING IN AN 8th AMENDMENT VIOLATION TO THE U.S. CONSTITUTION, AND A 14th AMENDMENT VIOLATION TO THE U.S. CONSTITUTION.

      The plaintiff, Matthew Caleb Sawyer, has been housed at Madison Parish Correctional Center since August of 2021. While he was being housed at Nelson Coleman Correctional Center in December of 2020, he was diagnosed with cervical and lumbar spondylosis. The neurologist ordered a host of bloodwork and a follow-up visit

Continued on paper...

_____

_____

_____

V.    Relief

State exactly what the court to provide to you or do for you. Make no legal
Arguments. Cites no cases or statutes.

                                    JOINTLY AND SEVERALLY
                                         ^
1) AWARD COMPENSATORY DAMAGES against WARDEN

    CHRIS STINSON, MAJOR TOMMY FARMERS, ~~and text letter,~~

✶✶ MEDICAL DIRECTOR for physical and emotional

VI.    Plaintiff's Declaration                    Continued on
                                                    paper...

A. I declare under the penalty of perjury that all of the facts represented in this complaint
    and any attachments hereto is true and correct.

B.     I understand that if I am transferred or released. I must apprise the Court of my address and
       My failure to do so may result in this complaint being dismissed.

C.     I understand that I may not proceed without prepayment of costs if I have Filed three
       lawsuits and/or appeals that were dismissed on the grounds that the action and/or appeal was
       frivolous or malicious, or failed to state a claim upon which relief may be granted. Unless
       I am in imminent danger of serious physical injury.

Signed this 24th day of February        2022      .

728558                              Matthew C. Sawyer
Prisoner No. (Louisiana Department of        Signature of Plaintiff
Corrections or Federal Bureau of Prison)

...CONTINUED        IV. STATEMENT OF CLAIM

Within 3-4 months, from December of 2020, with test results. However, none of the bloodwork was conducted, the follow-up visit was cancelled and he was transferred to LA WorkForce in Dequincy, LA. The plaintiff was later transferred to Catahoula Correctional Center and then to his current location at MADISON PARISH CORRECTIONAL CENTER in Tallulah, LA.

While being housed at Madison Parish Correctional Center, the plaintiff has requested to visit a doctor. He complained of his spine condition swelling (arthritis), causing compression along his entire spinal column. This spine condition has caused the plaintiff extreme pain and he cannot be up for long periods of time. Spondylosis is a spine condition, caused 90% of the time by rheumatoid arthritis, which causes the deterioration of the spine. The plaintiff requested to see a doctor at this facility so he can be prescribed NSAID to help bring the swelling down, as the arthritis is causing the compression along his spinal column, FURTHER COMPLICATING HIS CONDITION. The plaintiff also informed the Medical Director, through writing, that he was having very painful acid reflux and that he needed to be placed back on heartburn medicine, but this was ignored and the plaintiff has to deal with the pain that he feels could have damaged his

1

BACK →

esophagus. He has been unable to have an increase of his medication (Cymbalta) to 60 mg in the morning and 30 mg at night, though this was ordered by neurology. He informed the Medical Director, through writing, that sometimes his tonsils swell up and he'll have green mucus come out of his eyes for hours as if he had an infection. He feels this may have something to do with being flagged HIGH for Lymph (Absolute) in December of 2020 in which he was never examined further for. The plaintiff was never responded to by medical staff.

    On Wednesday February 2, 2022 the plaintiff refused a Tuberculosis shot that was being administered by the Medical Director here at Madison Parish Correctional Center. The plaintiff refused the shot and went on "lockdown" with another inmate. On Sunday February 6, 2022 the plaintiff addressed a medical request to the Medical Director asking her to come and speak with him in regards to seeing a doctor. The plaintiff, frustrated and tired of being in pain, admits that the request directed to the Medical Director was threatening in regards to him filing a 1983 Civil Complaint against the Medical Department for the deliberate indifference that has occurred since August of 2021. He gave her one final chance to come and speak with him. On Monday February 7, 2022 the Medical Director and

Major Farmers came to his cell, removed him, and brought him to an office down the hall to speak with him about the threatening request he wrote the Medical Director. The Medical Director was very unproffessional, stating, "I've dealt with people way more important than you." He informed her that he'd been writing her since August of 2021 about all of his concerns and that he has at least 30 inmates who witnessed his request forms. He informed Major Farmers that he still has grievances pending that have yet to be answered and was past due, being that staff have 20 days to respond which the plaintiff found out much later due to never receiving an inmate handbook. (The plaintiff had filed an ARP STEP 2 MEDICAL EMERGENCY on 12-20-2021. Over 30 days later he received a copy of the same complaint that noted for him to " USE PROPER FORM," as he had been using his own paper to file all of his request forms and grievances. The plaintiff never received an inmate handbook, and asked for one on more than one occassion. He was not informed to " USE PROPER FORM" until late January of 2022, over 5 months from the time he began filing paperwork at the facility.) Both Major Farmers and the Medical Director informed him that they have a massive amount of paperwork and that they had never received any of his request forms or complaints. The plaintiff agreed to take the Tuberculosis Shot

3

if the Medical Director would allow him to visit a doctor for his concerns. The Medical Director agreed and informed him that he would see the doctor the following week. On Wednesday February 9, 2022 the plaintiff received his TB shot during a "sick call" at the Medical Department. The Medical Director informed him that he will not be receiving any medication for his hemorrhoids, stating, "you need to eat more corn bread, you're too young for all these health concerns." He also informed her of his HIGH Lymph (Absolute) flag from Labcorp, in 2020, that went unevaluated, and informed her that he has pain around his throat area that swells up and green mucus will come out of his eyes for hours as if he had an infection. He informed her of his acid reflux and that he needed medication, and, also, about his cervical and lumbar spondylosis diagnoses in December of 2020, by neurology, that has rapidly become worse, as the plaintiff can feel crucial pain along his entire spinal column where his bones are deteriorating. The plaintiff was informed, by her, that it's his responsibility to provide her with all the information to the location of his medical records, which he did through request forms in the past, and that his medical records were not transferred with him to this facility from Catahoula Correctional Center, advising him that he is not allowed access to his medical records regardless

4

of the fact that he is representing himself pro se for all of his civil matters. This "sick call" visit was conducted in the presence of female Lt. Allen. The plaintiff was placed back in population this same day.

The following week came and went and the plaintiff still did not get the opportunity to visit the doctor as promised, by the Medical Director, on Monday February 7, 2022 in the presence of Major Farmers. Again, the plaintiff has requested an inmate handbook to become educated on how policy and procedure is conducted at Madison Parish Correctional Center, but never received one, therefore, leaving him in the dark about how certain procedures should be conducted. The plaintiff has also been denied copies of "proper request forms" or "medical request," therefore, forcing him to utilize his own paper to address all of his serious concerns. Madison Parish Correctional Center has not provided adequate medical care to the plaintiff and has failed to have an adequate system for identifying prisoners with medical needs and making sure they are diagnosed and treated. "Systemic deficiencies in staffing, facilities, or procedures which make unnecessary suffering inevitable" constitute deliberate indifference. Prison officials at this facility do not meet their obligation to provide a medical care system that meets minimal standards of adequacy. In this case, prison officials have shown deliberate indifference to the plaintiff's serious medical needs because he was unable to make his problems known

5

to medical staff. (The plaintiff will take this position if the Medical Director and Major Farmers maintain that they never received any of his request forms or complaints for over about a 6 month period in which he will be able to prove with a large number of request forms and complaints witnessed by a large host of inmates.) This negligence and delay in treatment violates State law and, also, amounts to deliberate indifference which violates the plaintiff's 8th Amendment Right to the be free from cruel and unusual punishment, and a 14th Amendment Violation to the U.S. Constitution by not providing the plaintiff with the same treatment as other similarly situated prisoners in the same prison and/or non-inmates in the State's custody.

## B. 8th AMENDMENT VIOLATION TO THE U.S. CONSTITUTION AGAINST OFFICER FLETCHER

On 12-05-2021, anywhere from 12:30 a.m. to 1:00 a.m., Officer Fletcher sprayed mace in D Dorm on Building 3. There had been no threat to him at the time and the inmate, who had previously caused the commotion, was following the officers' orders. While the inmate's back was facing Officer Fletcher, he sprayed the inmate with mace. As a result, me and the rest of the inmates on the dorm could not breath. Inmates were choking, one

6

passed out, and others were throwing up. We were left on the dorm for the remainder of the night without a fan and were refused medical attention. This happens often at Madison Parish Correctional Center and the plaintiff believes that if this conduct is allowed by policy, it will be challenged, as it is clearly cruel and unusal, and if this conduct is not allowed, by policy, it makes it all the more easier to potentially find Officer Fletcher guilty of violating the plaintiff's civil rights. This conduct, by officer Fletcher, constitutes cruel and unusal punishment and, also, the plaintiff believes, is a violation of State law, thus, allowing him to receive damages.

C. VIOLATIONS OF THE 6th AND 14th AMENDMENTS TO THE U.S. CONSTITUTION BY DENYING THE PLAINTIFF ACCESS TO THE COURT.

The plaintiff informed the Medical Director and Major Farmers that he was fighting a civil case pro se in the Eastern District of Louisiana and that he needed access to his medical records which are essential to his case. Major Farmers spoke with the plaintiff personally and informed him that only an attorney is allowed access to his medical records. He also informed the plaintiff that Madison Parish Correctional Center has nothing to do with what occurred at any previous facility the plaintiff had been

7

housed. The plaintiff provided the Medical Director with information to where his medical records could be obtained, including, XPRESS RAY, INC. 3400 DIVISION STREET Metairie, LA 70002-4612 (504) 455-5992, a number of LabCorp locations, Catahoula Correctional Center, Nelson Coleman Correctional Center and the University Hospital in New Orleans. The plaintiff had blood drawn (14-panel) at Madison Parish Correctional Center in late 2021. He was never informed of the results of the test. He filed a medical request on 02/16/2022 in which he, again, gives the Medical Director the information to Radiologist Robert Edwards who diagnosed him with Cervical and lumbar spondylosis in December of 2020. The plaintiff only had this information because he paid for certain medical records while he was housed at Nelson Coleman Correctional Center in 2020. Numerous Courts have condemned the failure to maintain a reasonably complete and organized system of medical records.

During the plaintiff's entire stay at Madison Parish Correctional Center, he was denied legal materials, a law library (access), legal assistance and, also, was denied the address to the Federal District Court in the Western Region, thus, further violating his access to the Court. The plaintiff, indigent at the time, was denied free postage and missed a January 27th, 2022 deadline for his civil case in the Eastern District. The deadline was not met, therefore, his case could not be presided over by a full-

8

time Magistrate Judge and was sent back in front of a busy District Judge (Jay C. Zainey) who has more important matters. From being denied law library access, medical records and legal assistance, the plaintiff has been unable to adequately prepare for motions and has had motions denied that COULD have <s>POSSIBLEY</s> POSSIBLY been granted other- wise. These violations have hindered the plaint- iff in his efforts to pursue non-frivolous legal claims in the Eastern District, as well as the 19th District in Baton Rouge, These violations constitute a 6th and 14th Amendment Claim, as they violate the U.S. Constitution,

## D. SANITATION AND PERSONAL HYGIENE.

"A sanitary environment is a basic human need that a penal institution must provide for all inmates." This facility has a lack of arrange- ments for cleaning, therefore, leaving inmates subject to unsanitary conditions in the midst of a pandemic. Officials at this facility will not let this dorm have a toilet brush, a shower brush,

9

or chemicals to keep on the dorm. Due to the high volume of inmate assaults and stabbings (including the large portion that go unreported), the plaintiff realizes that this may be a valid policy, unable to overcome the Turner Standard, however, officials have failed to make reasonable arrangements for cleaning the dorm. The trustees have come in the dorm 3 times in 5 months to clean the bathroom area and the shower. They will spray chemicals and then powerwash. In between those times, months will go by without having the toilets, urinals and shower clean. The few times a week (maybe a few) the trustee will come and spray chemicals but, again, inmates have no access to a toilet or shower brush to scrub. The shower has had black mold growing and spreading rapidly over the past 6 months. The entire dorm reaks of urine and mold, forcing inmates to breath in unhealthy air which may cause serious future health concerns. The plaintiff filed numerous request and grievances in regards to these unsanitary conditions but these concerns were never adequately attended to. This facility, also, only allows one roll of toilet

paper per week without the opportunity to buy
extra, and does not pass out razors anymore or
any other indigent supplies to inmates except one
bar of soap per week. These conditions amount to
an 8th Amendment violation to the U.S. Constitution,
a 14th Amendment violation to the U.S Constitution
because other dorms on building 3 and 4 have
access to cleaning supplies, and clearly should
violate state law as these conditions don't follow
health or sanitation ordinances.

## E. RECREATION

The plaintiff has been housed at Madison
Parish Correctional Center since August of 2021
and has only had outside recreation less than
10 times. Inmates are locked inside of a dorm
for months at a time without the opportunity
to go outside. These cruel conditions could be
the reason for the large amount of cases of
violence, as it causes tension and mental health
concerns which seems to be a crisis in the deep
South. Inmates at this facility could be compared

11

to caged animals who are clearly becoming
even more unfit for society due to the inhu-
mane conditions they're being subject to. The
majority of the inmate population, being ignorant
to the law, have no other outlet to release their
frustration and direct their energy amongst other
inmates with violence. Again, the plaintiff truly
believes these problems stem, or are further
complicated, ~~by~~ from the poor, inhumane treatment
inmates are subject to by the lack of structure
and disorganization amongst prison officials at
this facility. These conditions amount to cruel
and unusual punishment and a 14th Amendment
violation to the U.S. Constitution by not receiving
the same treatment as similarly situated prisoners
in the same prison. These violation(s) may violate
State law as well.

### F. LEGAL MAIL VIOLATIONS

On 11-30-2021 the plaintiff received
legal mail, at 11:35 p.m. in building 3 on Dorm
D, already opened. The mail was from 'Blue

12

Williams, 3421 North Causeway Blvd, Suite 900 Metaire, LA 70002-3760. NEOPOST 11/231 2021 US POSTAGE, NEW ORLEANS LA 700 24 Nov 2021 PM 1 L. Mail had come from this attorney numerous times before this incident and was never opened outside of his presence on those occasions. The legal mail he received on 11-30-2021 at 11:35 p.m., from Officer Fletcher, had already been opened outside of his presence.

On 01-16-2022 the plaintiff received legal mail from the United States District Court in the Eastern District of Louisiana that was already opened outside of his presence. Two pieces were post marked on 5 Jan 2022 PM 1L NEW ORLEANS LA 700, the other was postmarked on 10 Jan 2022 PM 2L New Orleans, LA 700.

These violations result in a 6th Amendment violation to the U.S. Constitution. The plaintiff no longer feels comfortable communicating with attorneys in regards to all his civil concerns and feels his safety could be at risk, as staff at this facility are aware of his intentions to

13

file a lawsuit against them for a number of clear violations. Again, the plaintiff is not aware of how the legal mail policy is to be conducted at this facility because he was never given an inmate handbook. The violations, also, constitute a 14th Amendment violation to the U.S. Constitution by not receiving the same treatment as similarly situated prisoners in the same prison.

## V. RELIEF (CONTINUED)

injuries sustained from the neglect, delay in treatment, and deliberate indifference to plaintiff's serious medical needs, thus, violating State and Federal Law.

2) AWARD PUNITIVE DAMAGES against WARDEN CHRIS STINSON, MAJOR TOMMY FARMERS, MEDICAL DIRECTOR, AND Lt. Fletcher.

3) AWARD 500,000 for neglect and a delay in treatment for violating State Law in regards to his medical claims, Officer Fletcher's 8th Amend-

ment claim, sanitation and personal hygiene and recreation. (* The plaintiff has no access to a law library or assistance, therefore, he doesn't have the ability to determine exactly what statutes to follow to educate him on his State claims that, also, amount to Constitutional Violations (U.S.).

4) ISSUE AN INJUNCTION ORDERING THE MEDICAL DIRECTOR TO:

        A. Allow the plaintiff to visit a doctor for all of his medical concerns.

        B. Allow the plaintiff to examine his medical records, and to be able to pay for any copies he may need for Court, including, the 14-panel LabCorp document for blood that was taken while he has been housed at Madison Parish Correctional Center.

5) ISSUE AN INJUNCTION ORDERING DEFENDANTS CHRIS STINSON (WARDEN) AND * TOMMY FARMER (MAJOR) to:

15

A. Allow the plaintiff to have access to a law library and/or legal assistance, to have a reasonable amount of free postage, per week, for legal matters if he is deemed "indigent."

B. To maintain a sanitary environment by making reasonable arrangements for trustees to keep the dorms clean adequately, allowing inmates to buy toilet paper on commissary, and provide indigent inmates with all proper indigent supplies per week.

C. Allow inmates a reasonable amount of recreation time outside per week.

D. ~~to sue~~ Open all of plaintiff's legal mail in his presence.

16