UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MATTHEW CALEB SAWYER** | **CIVIL ACTION NO. 22-0602** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **CHRIS STINSON, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Matthew Caleb Sawyer, a prisoner at Raymond Laborde Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately March 2, 2022, under 42 U.S.C. § 1983.[1]  For reasons below, the Court should dismiss Plaintiff's claims against Beverly Solis and close this proceeding.

## Background

United States marshals have been unable to serve Defendant Beverly Solis.  On July 7, 2023, a marshal unsuccessfully attempted to serve Solis at the Alabama address Plaintiff provided.  [doc. #s 80, 81].  The marshal spoke with Solis via telephone, and Solis stated that she resided at an address in North Carolina.  *Id.*  On November 16, 2023, a marshal unsuccessfully attempted to serve Solis at the North Carolina address.  [doc. # 95].  The marshal remarked that Solis did not live at the address and that the residents at the address did not know Solis.

## Law and Analysis

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital Int'l v. Rudolph*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

*Wolff & Co.*, 484 U.S. 97, 104 (1987). "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). If, however, the plaintiff "shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). "The plaintiff must provide some showing of good faith and some reasonable basis for noncompliance with the court's deadline. The plaintiff should also show due diligence in attempting to perfect service." *Epley v. Luong*, 2023 WL 8595674, at *2 (5th Cir. Dec. 12, 2023) (internal quotation marks and quoted sources omitted).

Under FED. R. CIV. P. 4(c)(3), "The court must so order [that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ." Here, Plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915; thus, the Court ordered the U.S. marshal to serve Solis.

Plaintiff is "dependent upon the Marshal's Service to effectively serve" the defendant. *See Rochon v. Dawson*, 828 F.2d 1107, 1109 (5th Cir. 1987). "[A] plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Id.* at 1110. But if the marshal's failure to serve is due to "dilatoriness or fault" of the plaintiff, a court may dismiss the action for failure to serve. *Id.*

Further, "[w]hile . . . incarcerated plaintiffs proceeding in forma pauperis may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.*  "A litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

Here, the marshals exercised due diligence, but were unable to serve the defendant at the addresses/locations provided.

On January 8, 2024, the Court informed Plaintiff of his duties with regard to Solis: "The Court highlights that the United States Marshals Service does not act as a private investigator service in this context.  Even though Plaintiff is incarcerated, he is still responsible for identifying the defendant and providing an address at which the defendant may be served." [doc. # 96].  Then, the Court ordered Plaintiff to, within 30 days, provide an address or location at which the defendant could be served. *Id.* at 2.  Alternatively, the Court advised that Plaintiff could voluntarily dismiss his claims against defendant. *Id.*  The undersigned cautioned that if the United States Marshals Service was unable to serve Solis using the information Plaintiff provided, the Court, in the absence of good cause shown, intended to dismiss Plaintiff's claims against the defendant. *Id.*

To date, Plaintiff has not provided an address or location at which Solis may be served, sought an extension of time in which to find an address or location, voluntarily dismissed his claims against the defendant, or amended his pleading to correctly identify the defendant for service purposes.

Plaintiff does not demonstrate good cause for the failure to serve. He has made no attempt to remedy the lack of service. Neither Plaintiff's pro se status nor any ignorance of the Federal Rules of Civil Procedure constitute excusable neglect.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Matthew Caleb Sawyer's claims against Beverly Solis be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m). As Beverly Solis is the sole remaining defendant, the Court should close this proceeding.

**By this Report and Recommendation, the Court notifies Plaintiff that his claims are subject to dismissal because Defendant Beverly Solis has not been served. During the fourteen-day objection period described below, Plaintiff may raise any arguments or present any evidence with respect to a showing of good cause for the lack of service.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 11th day of March, 2024.

                                                               Kayla Dye McClusky
                                                               United States Magistrate Judge